UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:20-cr-0248-JMS-TAB |
| | ) | |
| JALEN MINION, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 18, 2022, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e).  Proceedings were held on March 24, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On March 24, 2022, defendant Jalen Minion appeared in person with his appointed counsel, William Dazey.  The government appeared by Will McCoskey, Assistant United States Attorney.  The United States Probation Office ("USPO") appeared by Officer Mark McCleese, who participated in the proceedings.

---

[1]      All proceedings were recorded by suitable sound recording equipment unless otherwise noted.  *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The court advised Mr. Minion of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Minion questions to ensure that he had the ability to understand the proceedings and his rights.

2.      A copy of the Petition was provided to Mr. Minion and his counsel, who informed the court they had reviewed the Petition and that Mr. Minion understood the violations alleged. Mr. Minion waived further reading of the Petition.

3.      The court advised Mr. Minion of his right to a preliminary hearing and its purpose. Mr. Minion was advised of the rights he would have at a preliminary hearing.  Mr. Minion stated that he wished to waive his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

4.      The court advised Mr. Minion of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5.      Mr. Minion, by counsel, stipulated that he committed Violation Number 4 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 4 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid** |

**prescription from a licensed medical practitioner.  You shall follow the prescription instructions regarding frequency and dosage."**

Mr. Minion submitted urine specimens which tested positive for Fentanyl on February 9, February 28, and March 18, 2022. Additionally, on February 15, 2022, he submitted a specimen which tested positive for both Fentanyl and cocaine.

On February 15, 2022, when confronted, about the February 9, 2022, positive drug screen, Mr. Minion admitted consuming Fentanyl and signed the Admission Report of Positive Urinalysis.

6.     The Court placed Mr. Minion under oath and directly inquired of Mr. Minion whether he admitted violation number 4 of his supervised release set forth above.  Mr. Minion admitted the violation as set forth above.

7.     The Government orally moved to withdraw the remaining violations, which motion was granted by the Court.

8.     The parties and the USPO further stipulated that:

(a)     The highest grade of Violation (Violation 4) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

(b)     Mr. Minion's criminal history category is I.

(c)     The range of imprisonment applicable upon revocation of Mr. Dixon's supervised release, therefore, is 6 - 12 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

9.     The parties jointly recommended a sentence of six (6) months with twenty-four (24) months of supervision to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, JALEN MINION, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED,** and he is sentenced to the custody of the Attorney General or his designee for a period of six (6) months with twenty-four (24) months of

3

supervision to follow.  In addition to the mandatory conditions of supervision, the following

conditions of supervised release will be imposed:

1. You shall report to the probation office in the district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. Justification: This condition is an administrative requirement of supervision.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.  Justification: This condition is an administrative requirement of supervision.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.  Justification: This condition is an administrative requirement of supervision

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.  Justification: This condition is an administrative requirement of supervision

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer. Justification: This condition is an administrative requirement of supervision.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment. Justification: This condition will ensure the defendant maintains gainful employment and reduce the risk of recidivism.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

12. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision. Justification: This condition is aimed at reducing the risk of recidivism and providing for public safety.

13. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer, and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. Justification: This condition will help ensure the defendant's substance abuse treatment and addiction needs are addressed.

14. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage. Justification: This condition will address the defendant's history of substance abuse.

15. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods. Justification: This condition will help ensure compliance with a drug-free lifestyle.

16. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer. Justification: This condition will help ensure the defendant's mental health needs are being addressed.

17. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in

connection with the collection of any outstanding fines and/or restitution. Justification: This condition will help ensure legitimacy of employment earnings.

18. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches. Justification: This condition will assist the probation officer in monitoring the defendant for protection of the community.

Defendant Minion reviewed the foregoing conditions with his attorney.  Defendant, on the record, waived reading of the above-noted conditions of supervised release.  The Defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Minion stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Minion entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. § 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Minion's supervised release, imposing a sentence of imprisonment of six (6) months with twenty-four (24) months of supervision to follow.  The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.


Date: 3/25/2022

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system